MICHAEL R. SIMMONDS (SBN 96238)
msimmonds@snllp.com
R. TRAVIS CAMPBELL (SBN 271580)
tcampbell@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625

Attorneys for Defendant
Portfolio Recovery Associates, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTE WHYTE,<br><br>  Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, INC., PORTFOLIO RECOVERY ASSOCIATES, LLC, HSBC BANK NEVADA, N.A., and DOES 1-50,<br><br>  Defendants. | CASE NO.  3:12-cv-02081-EDL<br><br>**ANSWER BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC TO COMPLAINT** |

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff ARTE WHYTE ("Plaintiff"):

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

2. Answering Paragraph 2 of the Complaint, Defendant admits it is a limited liability company doing business in the State of California. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4. In answering Paragraph 4 of the Complaint, Defendant avers that no response is required of it.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that HSBC Bank Nevada, N.A. ("HSBC") assigned to Defendant an obligation owed by Plaintiff to HSBC in or about June 2009. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. In answering Paragraph 15 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

16. In answering Paragraph 16 of the Complaint, Defendant incorporates by

reference Paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. In answering Paragraph 20 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

21. In answering Paragraph 21 of the Complaint, Defendant incorporates by reference Paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. In answering Paragraph 24 of the Complaint, Defendant incorporates by reference Paragraphs 1 through 23 above as if fully set forth herein.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

///

///

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Willful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

///

///

///

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
## (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant has or had no control.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
## (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as it would place an

1 unreasonable restraint upon Defendant's First Amendment rights, thereby raising
2 serious constitutional issues.

4     WHEREFORE, Defendant requests judgment as follows:
5     1. That Plaintiff take nothing by the Complaint, which should be dismissed
6 with prejudice.
7     2. That Defendant recover from Plaintiff costs according to proof.
8     3. That Defendant recover attorneys' fees according to proof.
9     4. That the Court order such other relief as the Court may deem just and
10 proper.

12 DATED: May 9, 2012　　　　　　　　SIMMONDS & NARITA LLP
　　　　　　　　　　　　　　　　　　MICHAEL R. SIMMONDS
13 　　　　　　　　　　　　　　　　　　R. TRAVIS CAMPBELL

15 　　　　　　　　　　　　　　　　　　By:  s/Michael R. Simmonds
　　　　　　　　　　　　　　　　　　　　　Michael R. Simmonds
16 　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　Portfolio Recovery Associates, LLC